UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVONTE SMITH,

            Plaintiff,

    v.

CORRECTIONAL OFFICER M. DINOIA, *et al.*,

            Defendants.

No. 19-CV-4471 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    Plaintiff Devonte Smith ("Plaintiff") brought this Action, pursuant to 42 U.S.C. § 1983, against Deputy Commissioner Leandro Diaz ("Diaz"), Assistant Warden Karl Vollmer ("Vollmer"), Assistant Warden R. Watkins ("Watkins"), Detective John V. Peters ("Peters"), Captain Thomalin ("Thomalin"), Sergeant Del Treste ("Del Treste"), Sergeant Shultis ("Shultis"), Correctional Officer ("C.O.") M. Dinoia ("Dinoia"), C.O. Holness ("Holness"), Captain Roberts ("Roberts"), Sergeant Borehill ("Borehill"), and ADA Jane Doe of Mount Pleasant (the "ADA"). On March 12, 2020, the Court issued an Opinion & Order ("the Opinion") dismissing Plaintiff's claims against Borehill, Diaz, Watkins, Vollmer, Peters, Thomalin, Del Treste, and Shultis ("the Dismissed Defendants"). (*Id.*) However, the Court provided Plaintiff 30 days to submit an amended complaint if he wished to continue to prosecute claims against the Dismissed Defendants. (*Id.*)

    On June 8, 2020, long after the deadline to file an amended complaint had passed, the Court issue an Order to Show Cause directing Plaintiff to show cause by no later than July 10, 2020, why the claims previously dismissed without prejudice should not be dismissed with prejudice. (Dkt. No. 38.) On June 23, 2020, the Court received notice that the Order to Show cause was returned as undeliverable. (*See* Dkt. (entry for June 23, 2020).) Moreover, the July

10, 2020 deadline has now passed, and Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court. Accordingly, in light of Plaintiff's failure to prosecute this case, the Court converts its prior dismissal without prejudice to dismissal with prejudice, and dismisses all remaining claims without prejudice.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a

party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal with prejudice of the previously dismissed claims, and dismissal without prejudice of the remaining claims. In its March 12, 2020 Opinion & Order, the Court warned Plaintiff that if he failed to amend within 30 days, "the dismissed claims may be dismissed with prejudice, and the Action will proceed on the remaining claims." (*See* Dkt. No 37 at 13.) Further, the Court's recent Order to Show Cause again warned Plaintiff that his failure to show cause by July 10, 2020 would result without further notice in the Court converting the prior dismissal without prejudice into dismissal with prejudice. (*See* Dkt. No. 38.) The deadline announced in that Order has now passed.

Moreover, Plaintiff has been repeatedly warned that it his "obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." (Dkt. No. 4; *see also* Dkt. No. 6 ("Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.").) Nonetheless, Plaintiff has apparently failed to provide the Court with an accurate, updated address. (*See* Dkt. (minute entry June 23, 2020 (noting returned mail).)

Accordingly, the prior dismissal is now converted to dismissal with prejudice, and the remaining claims are dismissed without prejudice, for failure to prosecute. *See, e.g., Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5

3

(S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court ... as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address, and to close this case.

SO ORDERED.

DATED: July 17, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE